# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GILBERTO LIMON-RODRIGUEZ, ) <br> ) <br>         Plaintiff, ) <br> vs. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> HOMELAND SECURITY; U.S. ) <br> CUSTOMS AND BORDER ) <br> PROTECTION; DOES 1 through 25 ) <br> inclusive, in their individual and official ) <br> capacities, ) <br> ) <br>         Defendants. ) | Case No.: 2:11-cv-00313-GMN-GWF <br><br> **ORDER** |

Plaintiff Gilberto Limon-Rodriguez filed a Complaint (ECF No. 1) against Defendants United States Department of Homeland Security and United States Customs and Border Protection (collectively, "the United States"). Pending before the Court is the United States' Motion to Transfer Action to Southern District of California (ECF No. 10).

**I. BACKGROUND**

This is an action brought against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. Plaintiff, a U.S. citizen and resident of Nevada, alleges that he suffered injury due to the actions of United States Customs and Border Protection employees in Calexico, California, while on his way to visit family in Mexico on January 15, 2008, and that Defendants' employees have continued to harass him when he has "subsequently gone back and forth across the border at Calexico." (Compl., 1-2:¶1.)

Plaintiff alleges that a U.S. Border Patrol Officer, Jesus Martinez[1], stopped him in Calexico under suspicion of being an illegal immigrant when he was walking to the bank to pay for possible tire repairs. Plaintiff alleges that Agent Martinez ignored his attempts to prove that he was a United States citizen, called him a liar, kicked his leg out from under him, forced him to his knees and handcuffed him, pushed him into the pavement, struck him, forced him into a patrol car, and drove him to an open field near the border fence where another officer, Officer Armando Garcia, met them. (Compl. ¶¶ 16–20, ECF No. 1.) Plaintiff alleges that Officer Garcia told Officer Martinez that Plaintiff was caught running across the border with two other men, but Plaintiff told them it was a mistake and was allowed to show his identification. (Compl., 5:¶20.) Plaintiff then alleges that the Officers went away to speak to each other and that when they returned they gave him a claim form to file a claim for compensation for his physical injuries. (Compl., 5:¶21.)

Plaintiff's Complaint alleges eight counts against Defendants: (1) Violation of Fourth Amendment; (2) Violation of Fifth Amendment; (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; (5) Assault/False Imprisonment/Kidnapping; (6) Battery; (7) Negligence; and (8) Deprivation of Civil Rights through Intimidation; 42 U.S.C. §§ 1983, 1985, and 1986.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404, a district court may "in the interest of justice" transfer a case to any other district where venue lies "[f]or the convenience of parties and witnesses" even if venue is proper in the original district under § 1391. § 1404(a). The district court must "balance the preference accorded plaintiff's choice of forum with the

---

[1] Plaintiff states in his Complaint that he is uncertain as to the true names of the Agents he has encountered. (Compl., 3:¶12, 4:¶16, 4-5:¶20.)

burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The moving party bears the burden of showing the balance of conveniences favors the transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

The Ninth Circuit has identified a number of public and private factors that a district court may consider on a case-by-case basis in deciding whether venue should be transferred. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). These factors include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) ease of access to sources of proof. *Id.* The Ninth Circuit has also concluded that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing. *Id.*

### III. DISCUSSION

The Court must first determine if the case could have been brought in the proposed transferee district. Plaintiff does not dispute that this case could have originally been brought in the Southern District of California. Therefore the Court turns to the convenience factors.

Plaintiff opposes Defendants' motion, arguing that he "would be at a major disadvantage if the case were transferred to California," because he "lives and works in Las Vegas, Nevada, as does his attorney," and "[h]e would be required to bear the cost of his own travel plus either compensating his attorney's travel, or engaging new counsel." (Pl.'s Resp. to Mot. to Transfer, 2:16-20, ECF No. 12.) Plaintiff argues that the "named

Defendants who are seeking the transfer have offices both in Las Vegas and California, and have an entire host of attorneys at their disposal wherever there is a federal court." (*Id*. at 2:20-22.) Plaintiff focuses further on his counsel, arguing that "[i]t would be a hardship on Plaintiff and his counsel to travel to California for trial, in fact, Plaintiff's counsel is not licensed to practice in the Southern District of California, or in the State of California for that matter." (*Id*. at 2:13-26.) Plaintiff also argues that "the doctors, surgeons and medical providers that worked with the Plaintiff to repair his injuries all live and work in Southern Nevada, and the costs of bringing them to California to testify at trial would be prohibitive." (*Id*. at 3:2-5.)

The *Jones* factors considered by the Court are as follows.

*(1) the location where the relevant agreements were negotiated and executed*

Here, there are no agreements, so this factor does not apply to the Court's analysis.

*(2) the state that is most familiar with the governing law*

This action arose in California; therefore the substantive law of California applies. *See* 28 U.S.C. § 1346(b)(1) (granting subject matter jurisdiction for negligence-based claims against the United States where liability is established "in accordance with the law of the place where the act or omission occurred"). The federal courts sitting in California would be better suited to handle the California state law tort claims than Nevada federal courts. Therefore, this factor weighs in favor of granting the motion.

*(3) the plaintiff's choice of forum*

Plaintiff chose the District of Nevada as the forum for his Complaint, therefore this factor weighs in favor of Plaintiff's opposition.

*(4) the respective parties' contacts with the forum*

As discussed above, Plaintiff frequently travels through Southern California on the way to visit his family. Defendants are located in Southern California, and although the

named Defendants have offices in Nevada, the unnamed Doe Defendants are most likely to reside in California.  Therefore, this factor weighs in favor of granting the motion.

*(5) the contacts relating to the plaintiff's cause of action in the chosen forum*

Again, and as discussed above, the contacts relating to Plaintiff's causes of action are primarily in California, not Nevada.  Plaintiff stated in his Complaint that his wife, who is a Mexican citizen, and their children live in Mexico, so he "travels back and forth into Mexico frequently and regularly and has been inspected at the Calexico port of entry dozens and dozens of times." (Compl., 3:¶10.)  Also, all the witnesses that would testify about the facts and circumstances of the events, besides Plaintiff, likely live in California.  However, the United States does not list the witnesses, nor does it state how many there are likely to be.

Also, Plaintiff's doctors, who relate to Plaintiff's damages claims, are located in Southern Nevada.  Although Plaintiff argues that "the doctors, surgeons and medical providers that worked with the Plaintiff to repair his injuries all live and work in Southern Nevada, and the costs of bringing them to California to testify at trial would be prohibitive," Plaintiff does not state how many of these witnesses exist, or whether their live testimony would be required.  (Pl.'s Resp. to Mot. to Transfer, 3:2-5.)  The Court is therefore not convinced that these doctors must travel to California if the action is transferred, or that this cost would be substantial.

For these reasons, the Court finds that this factor does not weigh significantly in favor of either party.

*(6) differences in the costs of litigation in the two forums*

Plaintiff's arguments focus predominantly on this factor.  As Plaintiff acknowledges, he could engage new counsel in California, and he travels through Southern California frequently, therefore this part of Plaintiff's argument does not weigh

as heavily as Plaintiff argues. The Court recognizes that obtaining expert witnesses is potentially expensive, but the Plaintiff gives no evidence to show how many expert witnesses are likely to be required. Therefore, the Court finds that this factor does not weigh significantly in favor of either party.

*(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses*

Neither party addresses this factor as being relevant to the Court's analysis, and the Court does not find otherwise.

*(8) ease of access to sources of proof*

The Court finds that this factor weighs in favor of granting the motion, because all sources of proof as to the events giving rise to Plaintiff's causes of action are in Southern California, except for Plaintiff, and Plaintiff travels through Southern California frequently.

After weighing each of these factors, the Court finds that the balance of conveniences is very close. As discussed above, the Court must balance the preference accorded Plaintiff's choice of forum with the burden of litigating in an inconvenient forum. The United States bears the burden to show that the balance of conveniences favors the transfer. Neither party presented arguments that weighed particularly heavily on the convenience scale. However, the Court nevertheless finds that the United States has met its burden, and will grant the motion.

///

///

///

///

///

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Transfer (ECF No. 10) is **GRANTED** and this case is **TRANSFERRED** to the Southern District of California.

DATED this __4__ day of April, 2012.

_____
Gloria M. Navarro
United States District Judge