1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| GILBERTO LIMON-RODRIGUEZ,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, U.S. CUSTOMS<br>AND BORDER PROTECTION; and DOES<br>1 through 25 inclusive, in their individual and<br>official capacities,<br><br>                                    Defendants. | CASE NO. 12-cv-833 - IEG (RBB)<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANT'S MOTION TO<br>DISMISS**<br><br>[Doc. No. 9] |

17
18
19
20
21

        Presently before the Court is Defendant United States Department of Homeland Security, U.S. Customs and Border Protection ("DHS")'s motion to dismiss Plaintiff Gilberto Limon-Rodriguez ("Plaintiff")'s complaint.  [Doc. No. 9.]  For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** DHS's motion.

22

### BACKGROUND

23
24
25
26
27
28

        The following facts are taken from the complaint.  Plaintiff, a U.S. citizen, was on his way to visit his family in Mexico when he was detained by DHS employees.  [Doc. No. 1, Compl. ¶¶ 1, 15-18.]  Plaintiff alleges that when he tried to explain that he was a U.S. citizen, he was told to "shut up" and was called racial epithets and slurs.  [Id. ¶¶ 1, 18.]  Plaintiff also alleges that he was thrown to the ground and beaten by one of the DHS employees.  [Id. ¶¶ 1, 19.]  This resulted in injuries, which required surgery to repair.  [Id. ¶¶ 1, 22-23.]  Plaintiff further alleges that he has

been harassed by DHS employees during subsequent border crossings into Mexico.  [Id. ¶¶ 1, 24.]
Plaintiff believes this harassment is in retaliation for his filing a claim based on the prior incident
with the DHS Border Patrol office in Calexico.  [Id.]

On February 25, 2011, Plaintiff filed the present action in the District of Nevada against
DHS and Does 1 through 25 ("the Doe defendants"), in their individual and official capacity,[1]
alleging eight causes of action for:  (1) violation of the Fourth Amendment; (2) violation of the
Fifth Amendment; (3) intentional infliction of emotional distress; (4) negligent infliction of
emotional distress; (5) assault, false imprisonment, and kidnapping; (6) battery; (7) negligence;
and (8) deprivation of civil rights through 42 U.S.C. §§ 1983, 1985, and 1986.  [Compl.]  On
March 31, 2012, the action was transferred from the District of Nevada to this Court.  [Doc. No.
25.]  By the present motion, DHS moves to dismiss causes of action 1, 2, 3, 4 and 8 of Plaintiff's
complaint.  [Doc. No. 9, Def.'s Mot.]

## DISCUSSION

### I.    Legal Standard on a Motion to Dismiss

#### A.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and have power to hear only those cases
authorized by the Constitution and statutes enacted by Congress.  Couch v. Telescope Inc., 611
F.3d 629, 632 (9th Cir. 2010) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541
(1986)).  Therefore, federal courts have an obligation to dismiss claims for which they lack
subject-matter jurisdiction.  Demarest v. United States, 718 F.2d 964, 965 (9th Cir. 1983).

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a
complaint for lack of subject-matter jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be
either facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).
"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the
complaint without converting the motion to dismiss into a motion for summary judgment."  Wolfe

---

[1] In the Ninth Circuit, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not
favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, "the plaintiff should be
given an opportunity through discovery to identify the unknown defendants, unless it is clear that
discovery would not uncover the identities, or that the complaint would be dismissed on other
grounds."  Id.

12cv833

1   v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (internal citations omitted).  "The court need not

2   presume the truthfulness of the plaintiff's allegations."  Safe Air for Everyone, 373 F.3d at 1039

3   (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger

4   asserts that the allegations contained in a complaint are insufficient on their face to invoke federal

5   jurisdiction."  Id.  When resolving a facial dispute, the Court assumes a plaintiff's factual

6   allegations to be true and draws all reasonable inferences in his favor.  Wolfe, 392 F.3d at 362.

7       "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1),

8   the plaintiff has the burden of proving jurisdiction in order to survive the motion."  Tosco Corp. v.

9   Communities for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on

10  other grounds by Hertz Corp v. Friend, 130 S. Ct. 1181 (2010).

11      **B.      Rule 12(b)(6)**

12      A complaint must contain "a short and plain statement of the claim showing that the

13  pleader is entitled to relief."  FED. R. CIV. P. 8(a).  A motion to dismiss pursuant to Rule 12(b)(6)

14  of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the

15  complaint.  FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The

16  court must accept all factual allegations pleaded in the complaint as true, and must construe them

17  and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty

18  Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a

19  complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state

20  a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

21  (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the

22  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

23  Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

24      However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

25  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

26  action will not do."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286

27  (1986)) (alteration in original).  A court need not accept "legal conclusions" as true.  Iqbal, 129 S.

28  Ct. at 1949.  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is

not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not

alleged or that defendants have violated the . . . laws in ways that have not been alleged."

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526

(1983).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S.

Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

**II.     Analysis**

        A.     Plaintiff's Constitutional Claims

                i.     Sovereign Immunity

Plaintiff brings two causes of action for violations of his Fourth Amendment and Fifth

Amendment rights.  [Compl. ¶¶ 27-32.]  Plaintiff's prayer for relief shows that he is only seeking

monetary damages for these alleged constitutional violations.  [Id. ¶¶ 51-56.]  DHS argues that

these constitutional claims against it and the Doe defendants in their official capacity are barred by

the doctrine of sovereign immunity.  [Def.'s Mot. at 5-6.]

The United States is a sovereign, and may not be sued for money damages without its

consent.  United States v. Testan, 424 U.S. 392, 399 (1976).  A suit for damages against a federal

agency or federal employees in their official capacity is essentially a suit against the United States

and is also barred by sovereign immunity absent statutory consent.  Gilbert v. DaGrossa, 756 F.2d

1455, 1460 & n.6 (9th Cir. 1985).  The United States has not waived its sovereign immunity for

actions seeking damages for constitutional violations.  See Holloman v. Watt, 708 F.2d 1399,

1401-02 (9th Cir. 1983) (rejecting claimant's argument that sovereign immunity did not apply to

his due process claim for damages when the federal defendants were being sued in their official

capacity only); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984) (holding plaintiff's

damages claim for violation of his Fourth Amendment rights against the United States was barred

by sovereign immunity).[2]  "Where a suit has not been consented to by the United States, dismissal

of the action is required."  Gilbert, 756 F.2d at 1458.

---

[2] In Arnsberg, the Ninth Circuit recognized that actions brought under the takings clause of the Fifth Amendment are an exception to this principle. 757 F.2d at 980 n.7. However, that exception is not at issue in this case.

1    DHS is a federal agency and the Doe defendants are federal employees being sued in both

2    their official and individual capacities, and Plaintiff is only seeking damages for his constitutional

3    claims.  [Compl. ¶¶ 11-12, 51-56.]  In his response, Plaintiff concedes that Bivens type claims

4    cannot be made against federal employees sued in their official capacity.  [Doc. No. 23, Pl.'s

5    Opp'n at 3.]  Therefore, Plaintiff's constitutional claims against DHS and the Doe defendants to

6    the extent they are being sued in their official capacity are barred by the doctrine of sovereign

7    immunity.  See Holloman, 708 F.2d at 1401-02; Arnsberg, 757 F.2d at 980.  Accordingly, the

8    Court **DISMISSES WITH PREJUDICE** Plaintiff's causes of action for violation of the Fourth

9    Amendment and violation of the Fifth Amendment against DHS and the Doe defendants to the

10   extent the Doe defendants are being sued in their official capacity.

11                     ii.      Statute of Limitations

12    Sovereign immunity does not bar Plaintiff's constitutional claims against the Doe

13   defendants to the extent they are being sued in their individual capacities.  See Bivens v. Six

14   Unknown Fed. Narcotics Agents, 403 U.S. 388, 396-97 (1971); Gilbert, 756 F.2d at 1459

15   ("[S]overeign immunity does not bar damage actions against federal officials in their individual

16   capacity for violation of an individual's constitutional rights.").  DHS argues that Plaintiff's

17   constitutional claims against the Doe defendants in their individual capacities should still be

18   dismissed because they are barred by the statute of limitations.  [Def.'s Mot. at 10-11.]

19    The statute of limitations for a Bivens action is defined by the relevant state's personal

20   injury statute.  Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991).  Under California law, the

21   statute of limitations for personal injury actions is two years.  See Cal. Code Civ. Pro. § 335.1.

22   Though state law determines the statute of limitations, "federal law determines when a civil rights

23   claim accrues."  Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000).  Accrual

24   occurs under federal law when a plaintiff knows or has reason to know of the injury which is the

25   basis of the action.  Id. at 1154.  "[A]s long as a plaintiff has notice of the wrongful conduct, it is

26   not necessary that it have knowledge of all the details or all of the persons involved in order for the

27   cause of action to accrue."  Western Center For Journalism v. Cederquist, 235 F.3d 1153, 1157

28   (9th Cir. 2000).

1    Plaintiff alleges that the incident at issue occurred on January 15, 2008.  [Compl. ¶ 15.]

2  Plaintiff knew or had reason to know of his constitutional injuries on this date.  See Morales, 214

3  F.3d at 1153-54; Cederquist, 235 F.3d at 1157.  However, Plaintiff did not file the present action

4  until February 25, 2011, over three years after the incident.  [Compl.]  Therefore, Plaintiff's

5  Bivens claims appear to be barred by the statute of limitations pursuant to California Code of Civil

6  Procedure § 335.1.

7    In his opposition, Plaintiff argues that he is entitled to equitable tolling because he filed an

8  administrative tort claim on January 15, 2010.  [Pl.'s Opp'n at 4.]  California law determines

9  whether equitable tolling applies to Plaintiff's Bivens claims.  Pesnell v. Arsenault, 543 F.3d 1038,

10  1043 (9th Cir. 2008).  Under California's equitable tolling doctrine, the statute of limitations is

11  tolled when an individual has several formal legal remedies, including administrative remedies,

12  and reasonably and in good faith pursues one.  Jones v. Tracy School Dist., 27 Cal. 3d 99, 108

13  (1980).  Whether these proceedings equitably toll the statute of limitations on Plaintiff's claims

14  requires consideration of three elements: (1) timely notice to the defendant in filing the first claim;

15  (2) lack of prejudice to the defendant in gathering evidence for the second claim; (3) good faith

16  and reasonable conduct by the plaintiff.  Addison v. Cal., 21 Cal. 3d 313, 319 (1978).  Therefore, it

17  is possible that Plaintiff is entitled to equitable tolling based on the filing of his administrative tort

18  claim.

19    However, Plaintiff has failed to meet his burden of showing at the motion to dismiss stage

20  that he is entitled to equitable tolling.  See V.C. v. Los Angeles Unified School Dist., 139 Cal.

21  App. 4th 499, 517-18 (2006) (stating that Plaintiff has the burden of proving that he is entitled to

22  equitable tolling).  Even though the Court must accept the allegations in the complaint as true in

23  deciding a motion to dismiss, Plaintiff's complaint contains no allegations stating that he filed an

24  administrative tort claim on January 25, 2010.  Plaintiff's complaint only contains a passing

25  reference to the administrative claim when Plaintiff alleges that he was harassed in retaliation for

26  filing the claim.  [Compl. ¶ 24.]  Also, Plaintiff did not attach the administrative claim to the

27  complaint or to his opposition to Defendant's motion, so the Court cannot take judicial notice of

28  the claim.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of

action for violation of the Fourth Amendment and violation of the Fifth Amendment against the Doe defendants to the extent they are being sued in their individual capacity as barred by the applicable statute of limitations.

B.    Plaintiff's Claims Under 42 U.S.C. §§ 1983, 1985, and 1986

Plaintiff brings a cause of action for deprivation of his civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. [Compl. ¶¶ 48-50.] DHS argues that these claims should be dismissed because all the Defendants are federal not state actors.[3] [Def.'s Mot. at 9-10.]

i.    42 U.S.C. § 1983

To state a claim for relief under section 1983, Plaintiff must plead two essential elements: (1) that the individual defendants acted under color of state law; and (2) that they caused her to be deprived of a right secured by the Constitution and laws of the United States." Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997). A person acts under color of state law if he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). DHS is a federal agency, and the Doe defendants are federal employees. [Compl. ¶¶ 11-12.] Therefore, these Defendants are federal–not state–actors, and Plaintiff's attempt to bring a § 1983 action against these Defendants is invalid on its face. See Morse v. North Coast Opportunities, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[Plaintiff's] complaint is invalid on its face in its reliance upon § 1983 as a cause of action against alleged federal government actors.). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's causes of action pursuant to 42 U.S.C. § 1983.

ii.    42 U.S.C. §§ 1985 and 1986

There is no state action requirement for claims brought pursuant to 42 U.S.C. §§ 1985 and 1986. See Gerritsen v. De La Madrid Hurtado, 819 F.2d 1511, 1518 (9th Cir. 1987). A claim brought for violation of section 1985 requires four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of

---

[3] DHS also argues that these claims are barred by the relevant statute of limitations. [Def.'s Mot. at 10-11.] Because the Court concludes that Plaintiff failed to state a claim under to 42 U.S.C. §§ 1983, 1985, and 1986, see infra, the Court does not address DHS's statute of limitations argument.

the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).  A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985 claim.  Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001); see also Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.").

To state a claim of conspiracy under § 1985, a plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights.  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient").  "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985."  Karim-Panahi, 839 F.2d at 626.

Plaintiff's complaint does not allege any facts showing that there was ever an agreement or a meeting of the minds to violate his constitutional rights.  Therefore, Plaintiff's § 1985 and § 1986 claims should be dismissed.  See Margolis, 140 F.3d at 853; Karim-Panahi, 839 F.2d at 626. In addition, § 1985 only imposes liability upon a "person," and a federal agency is not a "person" within the meaning of that provision.  Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011). Accordingly, the the Court **DISMISSES WITH PREJUDICE** Plaintiff's causes of action pursuant to 42 U.S.C. §§ 1985 and 1986 against DHS and **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of action pursuant to 42 U.S.C. §§ 1985 and 1986 against the Doe defendants.

///

1       C.      <u>Plaintiff's Claim for Intentional Infliction of Emotional Distress</u>

2         Plaintiff brings a claim for intentional infliction of emotional distress. [<u>Compl.</u> ¶¶ 33-36.]

3 DHS argues that the facts pleaded in the complaint are insufficient to establish a cause of action

4 for intentional infliction of emotional distress under California law. [<u>Def.'s Mot.</u> at 11-13.]

5         The Federal Tort Claims Act ("FTCA") provides a waiver of the United States' sovereign

6 immunity. <u>Richardson v. United States</u>, 943 F.2d 1107, 1113 (9th Cir. 1991). The FTCA is the

7 exclusive remedy for filing a tort action against a federal agency or officer. <u>See</u> 28 U.S.C. § 2679;

8 <u>Kennedy v. U.S. Postal Serv.</u>, 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam) ("The FTCA is the

9 exclusive remedy for tort actions against a federal agency."); <u>Jerves v. United States</u>, 966 F.2d

10 517, 518 (9th Cir. 1992) ("The [FTCA] vests the federal district courts with exclusive jurisdiction

11 over suits arising from the negligence of Government employees.").

12         Under the FTCA, the substantive law governing a plaintiff's tort claim is the "law of the

13 place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff alleges that the

14 actions at issue took place in California. [<u>Compl.</u> ¶¶ 1, 15-24.] Accordingly, Plaintiff's tort claims

15 are governed by California law. <u>See</u> <u>Littlejohn v. United States</u>, 321 F.3d 915, 924 (9th Cir.

16 2003).

17         Under California law, the elements of a cause of action for intentional infliction of

18 emotional distress are: (1) extreme and outrageous conduct by defendant; (2) intention to cause or

19 reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering;

20 and (4) actual and proximate causation of the emotional distress. <u>Cole v. Fair Oaks Fire Protection</u>

21 <u>Dist.</u>, 43 Cal. 3d 148, 155 n.7 (1970). For conduct to be extreme and outrageous it must be "so

22 extreme as to exceed all bounds of that usually tolerated in a civilized community." <u>Cervantez v.</u>

23 <u>J.C. Penney Co.</u>, 24 Cal. 3d 579, 593 (1979). "Liability 'does not extend to mere insults,

24 indignities, threats, annoyances, petty oppressions, or other trivialities.'" <u>Molko v. Holy Spirit</u>

25 <u>Assn.</u>, 46 Cal. 3d 1092, 1122 (1988). "The conduct must be of a nature that is especially

26 calculated to cause mental distress of a very serious kind." <u>Ess v. Eskaton Properties</u>, 97 Cal. App.

27 4th 120, 130 (2002).

28         In addition, "a plaintiff may not recover for intentional infliction of emotional distress

unless the distress suffered has been severe." Hailey v. Cal. Physicians' Serv., 158 Cal. App. 4th 452, 476 (2007). However, a plaintiff may recover for emotional distress alone without any resulting physical disability. Id. Severe emotional distress means emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it. Id. "It 'may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry.'" Id.

Plaintiff alleges that the DHS employees without provocation called him racial epithets and slurs and that he suffered anxiety, anger, and depression due to the DHS employees' actions. [Compl. ¶¶ 1, 18, 22.] These allegations are sufficient to allege a cause of action for intentional infliction of emotional distress. See, e.g., Alcorn v. Anbro Engineering, Inc., 2 Cal. 3d 493, 498 (1970) (holding that allegations that a person in a position of authority stood over plaintiff and called him racial slurs was sufficient to plead a cause of action for intentional infliction of emotional distress). Accordingly, the Court declines to dismiss Plaintiff's claim for intentional infliction of emotional distress.

D.     Plaintiff's Claim for Negligent Infliction of Emotional Distress

Plaintiff brings a claim for negligent infliction of emotional distress. [Compl. ¶¶ 37-40.] Under California law, "[a] claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." Wong v. Jing, 189 Cal. App. 4th 1354, 1377 (2010); accord. Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993). Plaintiff's complaint already includes a claim for negligence, rendering this claim redundant. [Compl. ¶¶ 45-47.] Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for negligent infliction of emotional distress.

**CONCLUSION**

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. Specifically, the Court:

1.     **DISMISSES WITH PREJUDICE** Plaintiff's claims for violation of the Fourth and Fifth Amendments against Defendant DHS and the Doe defendants to the extent they are being sued in their official capacity;

12cv833

2.   **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for violation of the Fourth and Fifth Amendments against the Doe defendants to the extent they are being sued in their individual capacity;

3.   **DISMISSES WITH PREJUDICE** Plaintiff's claims pursuant to 42 U.S.C. § 1983;

4.   **DISMISSES WITH PREJUDICE** Plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 against Defendant DHS;

5.   **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 against the Doe defendants; and

6.   **DISMISSES WITH PREJUDICE** Plaintiff's claim for negligent infliction of emotional distress.

Plaintiff may proceed on his claims for intentional infliction of emotional distress and the remaining claims in his complaint that DHS did not move to dismiss.  Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above.

**IT IS SO ORDERED.**

**DATED:** April 24, 2012

**IRMA E. GONZALEZ**
**United States District Judge**

12cv833