1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO LIMON-RODRIGUEZ,<br><br>                              Plaintiff,<br><br>         vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION; and DOES 1 through 25 inclusive, in their individual and official capacities,<br><br>                              Defendants. | CASE NO. 12-cv-833 - IEG (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 31] |

Presently before the Court is Defendant United States Department of Homeland Security, U.S. Customs and Border Protection ("DHS")'s motion to dismiss portions of Plaintiff Gilberto Limon-Rodriguez ("Plaintiff")'s complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. No. 31.]  For the reasons below, the Court **GRANTS** DHS's motion.

## BACKGROUND

The following facts are taken from the complaint.  Plaintiff, a U.S. citizen, was on his way to visit his family in Mexico when he was detained by DHS employees. [Doc. No. 1, Compl. ¶¶ 1, 15-18.] Plaintiff alleges that when he tried to explain that he was a U.S. citizen, he was told to "shut up" and was called racial epithets and slurs. [Id. ¶¶ 1, 18.] Plaintiff also alleges that he was thrown to the ground and beaten by one of the DHS employees. [Id. ¶¶ 1, 19.] This resulted in injuries, which required surgery to repair. [Id. ¶¶ 1, 22-23.] Plaintiff further alleges that he has

been harassed by DHS employees during subsequent border crossings into Mexico. [Id. ¶¶ 1, 24.] Plaintiff believes this harassment is in retaliation for his filing a claim based on the prior incident with the DHS Border Patrol office in Calexico. [Id.]

On February 25, 2011, Plaintiff filed the present action in the District of Nevada against DHS and Does 1 through 25 ("the Doe defendants"), in their individual and official capacity,[1] alleging eight causes of action for: (1) violation of the Fourth Amendment; (2) violation of the Fifth Amendment; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) assault, false imprisonment, and kidnapping; (6) battery; (7) negligence; and (8) deprivation of civil rights through 42 U.S.C. §§ 1983, 1985, and 1986. [Compl.] On August 15, 2012, DHS moved to dismiss causes of action one, two, three, four and eight of Plaintiff's complaint. [Doc. No. 9.] On March 31, 2012, the action was transferred from the District of Nevada to this Court. [Doc. No. 25.] On April 24, 2012, the Court granted in part and denied in part DHS's motion and dismissed causes of action one, two, three, and eight. [Doc. No. 29 at 10-11.] The Court declined to dismiss Plaintiff's cause of action for intentional infliction of emotional distress. [Id.] The Court granted Plaintiff leave to file an amended complaint within 30 days of the April 24, 2012 Order, [id.], but Plaintiff did not file an amended complaint during the specified time period.

By the present motion, DHS moves to dismiss the remainder of the complaint–causes of action three, five, six, and seven (Plaintiff's common law tort claims)–for lack of subject matter jurisdiction, arguing that these claims are barred by the doctrine of sovereign immunity. [Doc. No. 31-1 at 2-3.]

**DISCUSSION**

**I.     Legal Standard on a Rule 12(b)(1) Motion to Dismiss**

Federal courts are courts of limited jurisdiction, and have power to hear only those cases authorized by the Constitution and statutes enacted by Congress. Couch v. Telescope Inc., 611

---

[1] In the Ninth Circuit, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.

F.3d 629, 632 (9th Cir. 2010) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Therefore, federal courts have an obligation to dismiss claims for which they lack subject-matter jurisdiction. Demarest v. United States, 718 F.2d 964, 965 (9th Cir. 1983).

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be either facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (internal citations omitted). "The court need not presume the truthfulness of the plaintiff's allegations." Safe Air for Everyone, 373 F.3d at 1039 (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. When resolving a facial dispute, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in his favor. Wolfe, 392 F.3d at 362.

"When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Communities for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 130 S. Ct. 1181 (2010).

**II.     Analysis**

Plaintiff brings four common law tort causes of action for: (1) intentional infliction of emotional distress, (2) assault, false imprisonment, and kidnapping, (3) battery, and (4) negligence. [Compl. ¶¶ 33-36, 41-47.] DHS argues that these causes of action should be dismissed because the United States has not waived sovereign immunity for tort actions brought against federal agencies. [Doc. No. 31-1 at 1-3.]

The United States is a sovereign, and may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). A suit for damages against a federal agency is essentially a suit against the United States and is also barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1460 & n.6 (9th Cir. 1985). "A federal district court only has

1  subject matter jurisdiction over a suit against the United States when sovereign immunity has been
2  waived." <u>Tobar v. United States</u>, 2012 U.S. Dist. LEXIS 82780, at *16 (S.D. Cal. Jun. 13, 2012)
3  (citing <u>Argentine Republic v. Amerada Hess Shipping Corp.</u>, 488 U.S. 428, 435 (1989)).

4        The Federal Tort Claims Act ("FTCA") provides such a waiver of sovereign immunity.
5  <u>Richardson v. United States</u>, 943 F.2d 1107, 1113 (9th Cir. 1991).  The FTCA is the exclusive
6  remedy for filing a tort action against a federal agency.  <u>See</u> 28 U.S.C. § 2679; <u>Kennedy v. U.S.
7  Postal Serv.</u>, 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam) ("The FTCA is the exclusive
8  remedy for tort actions against a federal agency.").  However, the FTCA "provides that the United
9  States is the sole party which may be sued for personal injuries arising out of the torts of its
10 employees."  <u>Allen v. Veterans Admin.</u>, 749 F.2d 1386, 1388 (9th Cir. 1984) (citing 28 U.S.C. §§
11 1346(b), 2679(a)).

12       Plaintiff brings several common law tort causes of action against DHS.  [<u>Compl.</u> ¶¶ 33-36,
13 41-47.]  Plaintiff alleges in the complaint that DHS is an agency of the United States.  [<u>Id.</u> ¶ 11.]
14 Therefore, the FTCA applies to Plaintiff's various tort claims.  <u>See</u> <u>Kennedy</u>, 145 F.3d at 1078.
15 Because the United States is the sole party that may be sued under the FTCA, Plaintiff may not
16 bring his tort claims against DHS.  <u>See</u> <u>Allen</u>, 749 F.2d at 1388.  Plaintiff's tort claims should have
17 been brought against the United States.  Further, because the United States is not named as a
18 Defendant as required by the FTCA, Plaintiff has failed to state a claim for tort violations under
19 the FTCA.  <u>See</u> <u>Pink v. Modoc Indian Health Project</u>, 157 F.3d 1185, 1188 (9th Cir. 1998); <u>Torrez
20 v. Corr. Corp. of Am.</u>, 2007 U.S. Dist. LEXIS 81371, at *13 (D. Ariz. Oct. 16, 2007).
21 Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' causes of action for
22 intentional infliction of emotional distress, assault, false imprisonment, kidnapping, battery, and
23 negligence.  If Plaintiff wishes to proceed on these causes of action, they should be brought against
24 the United States.  <u>See, e.g.</u>, <u>Allen</u>, 749 F.2d at 1388-89.

25 ///
26 ///
27 ///
28 ///

## **CONCLUSION**

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss. Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's causes of action for intentional infliction of emotional distress, assault, false imprisonment, kidnapping, battery, and negligence (causes of action three, five, six, and seven in the complaint). Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above.

**IT IS SO ORDERED.**

**DATED:** July 9, 2012

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**

COPIES TO:  Peter L. Ashman
Law Offices of Peter L. Ashman
617 S. 8th Street, Suite B
Las Vegas, NV 89101-7082